## 21269.   WATT v. THE STATE.

SUBMITTED JUNE 12, 1961—DECIDED JULY 6, 1961.

*Ernest C. Britton, Ralph M. Holleman,* for plaintiff in error.

*John H. Land, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

ALMAND, Justice.   The judgment under review is one denying a motion for new trial based only on the general grounds.

The defendant was found guilty of rape, without a recommendation.   The alleged victim, twenty-three years of age, was in her ninth month of pregnancy at the time of the alleged rape. She testified that she was married and lived in Muscogee County, Georgia.   She further testified that the defendant came to her home, knocked at her back door, asked if she would hire him to clean the yard, pulled a gun out of his right pocket, ordered her to open the door, entered and asked to be shown the rest of the house, ordered her to undress and carnally assaulted her against her will. When she went to the police station, she identified the defendant as the person who had committed these acts.   The State also introduced testimony by police officers.   One of the officers testified as to a statement by the defendant and as to its free and voluntary nature.   In this statement he admitted the details of the assault, and as to what he had previously and subsequently done.   There was no testimony for the defendant.   In his statement to the jury, he relates the forceable entry, the removal of the victim's clothes, an attempt to have intercourse with her, but denies having actually accomplished the act.

The heart of the defendant's complaint is that there is not sufficient evidence to corroborate the testimony of the prosecutrix.   The defendant, in a statement to a police officer, made admissions that he had gone to the home of the prosecutrix while looking for a place to hide from the police, knocked at her door,

84

pointed a revolver at her when she answered, and ordered her to open the door.   He went on to admit that he had intercourse with her.

The admissions tended to show that the crime had been committed, and further connected the accused with the crime.   There was sufficient evidence to authorize the verdict, and the lower court did not commit error in denying the motion for new trial.

*Judgment affirmed.   All the Justices concur.*